CASE 30—ACTION FOR MANDAMUS—OCT. 16.

# Board of Education of City of Newport v. Nelson, Mayor, &c.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATION—TAXATION OF SCHOOLS—FISCAL YEAR.

Held: 1. Ky. Stat. sec. 3219, providing as to cities of the second class for a tax to defray the expenses of schools during the "current year," refers to the fiscal year of the city, beginning the 1st day of January and ending the 31st of December; and, while the amount derived from the State school fund for the benefit of the city schools is to be devoted to the maintenance of the schools

during the State fiscal year beginning the 1st of July and ending the 30th of June, this amount should be apportioned between the city fiscal years.

2. While the statute provides for a tax for school purposes not to exceed in any one year thirty-five cents on each $100 taxable property valuation, the school board is not authorized to demand more than is reasonably necessary.

C. J. & W. W. HELM, Attorneys for Appellant.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The proper construction of section 3219 Ky. Statutes, cities of the second class. Board of Ed. v. Gen. Council, 20 Rep., 289.

2. Is the fiscal year of the board of education of cities of the second class the same as that of the common schools of Kentucky, beginning July 1st and ending June 30,, or that of the cities of the second class, beginning January 1st and ending December 31st? Constitution of Ky. secs. 169, 183, & 184; Ky. Stats., secs. 3176, 3184, 3218, 3219, 3227, 4363, 4364, 4365, 4371, 4372, 4376. City of Louisville v. School Board, 17 Rep., 697.

AUBREY BARBOUR, Attorney for Appellees.

(No brief in the record.)

Opinion of the court by Judge DuRELLE—Affirming.

This case turns upon the proper construction of section 3219, Kentucky Statutes, being a part of the act for the government of cities of the second class. That section, as amended, reads as follows: "Section 3219. (Board to annually report approximate expenses for ensuing year; levy of tax.) Said board shall annually, in the month of January, approximately ascertain the amount of money necessary to be used to defray the expenses of maintaining the schools, improving or constructing of buildings, and so forth, thereof, and any liquidations of the liabilities during the current fiscal year, and report the same, together with the amount to be received from the common school fund of the State of Kentucky (which amount the board shall ascertain by taking the census required by law in April)

to the auditor, and thereupon the general council shall, at the request of said board, levy and collect such taxes as may be requested, and the money arising from said levy shall, under the direction and control of said board, be used for the benefit of the common schools and for the purpose of paying off the indebtedness of said board: provided, that said levy shall not, in any one year, exceed thirty-five cents on each one hundred dollars valuation, and ten cents on each one hundred dollars valuation additional for sinking fund purposes, as returned by the board of equalization on all taxable property in the city; and provided further that this act shall not be so construed as to prevent said board from receiving and expending any sum or sums that may come to them by gift, devise, or any law of the State. The tax bills for all taxes levied by the general council for the public schools shall be made out by the city clerk and included in the tax bills containing the ordinary levy, and shall be collected with the same, by the same officer, and in the same manner that the ordinary levies are collected by the collecting officer, and the powers and duties conferred and required of officers in collecting the ordinary city taxes are hereby conferred and required of them in collecting the taxes levied for said public schools; and such collecting officer and his sureties shall be liable under his official bond for any failure to perform his duties, upon which bond suit may be brought for the use of said board and recovery had for such amount as shall be found due thereon. All such sums of money, when collected and paid into the city treasury, shall be set apart to, and passed over to, the common school fund, subject to, and drawn out only by, the order of said board, as provided by law and ordinances of said board then existing." Under this section the board of education, in Jan-

uary, 1900, made an estimate of its necessary expenditures for the year 1900, together with a statement of the amount to be received from the State of Kentucky from the common school fund, which estimate was reported to the auditor of the city. That estimate showed the disbursements to be $64,900, the amount to be received from the State of Kentucky to be $22,000, the difference—$42,900—being the amount required from the city of Newport; but, as the limit of taxation—35 cents on the $100—would produce less than' $38,000, it would be impossible to obtain the full amount of the estimate. The council having ascertained that on the 1st of January, 1900, there was on hand a net balance of $13,000 to the credit of the school fund, available to pay the expenses of running the schools, refused to make a levy of 35 cents for the school fund, but did make a levy of 31½ cents. The board of education instituted this proceeding to compel the levy of 35 cents. The answer of the mayor and council alleged the existence of this balance, which was not denied, and upon this fact the Circuit Court based its judgment against the appellant. The board claims that its fiscal year is the same as that of the State of Kentucky, which, by section 169 of the Constitution, "shall commence on the first day of July in each year, unless otherwise provided by law," and that the levy to be made under its estimate for 1900 should be devoted to the fiscal year beginning July 1, 1900, and ending June 30, 1901, for the reason that, while the existence of the board is provided for by the act for the government of cities of the second class, the board nevertheless is a part of the common-school system of the State of Kentucky, and derives a portion of its revenue from the common-school fund of the State, paid out at such intervals as to show conclusively that it is intended to be expended during the

fiscal year of the State, which is identical with the school year, as provided for by section 4365, Kentucky Statutes. The board further claims that the balance on hand on the 1st of January, 1900, was not applicable to the fiscal year for which the levy was requested, but belonged to the second half of the fiscal year ending June 30, 1900. On the other hand, it is claimed on behalf of the council that, as the city has the right to maintain its own schools, under section 4432, which makes each city one district, and entitles it to its proportion of the common-school fund, and as by setion 4433 it is provided that the common-school law "shall in no wise affect the charter and amendments thereto of any city or town in the Commonwealth, so far as said charters and amendments relate to the public schools of said cities and towns," this section (3219), found in the body of the charter of cities of the second class, must refer to the city fiscal year, which begins on January 1st and ends December 31. This contention is supported by the language of the act itself. In sections previous to the one under consideration the scholastic year is referred to, whereas in section 3219 the provision is for a tax to defray the expenses of the schools during the current fiscal year, a term which, in its ordinary acceptation, means not only a year running with, but which is also coterminous with, some other year referred to. What is the year thus referred to, and when does it end? Clearly, it seems to us, the fiscal year of the city,—the year for which the taxes to support the common schools are to be levied. Section 3183 provides (as to cities of the second class) "for the collection of an *ad valorem* tax on the assessed valuation of the property in said city as certified to them, which, with the estimated revenue from other sources, shall be sufficient to meet the anticipated expenditures for the cur-

rent year." Clearly, it seems to us, that the current year here referred to is the current fiscal year referred to in section 3219. This seems to us the fair and natural construction of the language used. Indeed, it might be contended that it would be illegal to levy a tax during the city fiscal year ending December 31, 1900, to be expended in the maintenance of schools in 1901.

Some question has been made by counsel for appellees as to the sufficiency of the request to the general council, as being a request, not to levy a tax sufficient to raise a specified sum, but to levy a tax at a certain rate upon all the taxable property of the city. As both parties to this record, however, desire a settlement of the main question, we shall disregard this technical objection.

Considerable argument is devoted to a discussion of the disadvantages of operating under two systems,—for the amount derived from the State school fund is clearly to be devoted to the maintenance of the schools during the fiscal year ending June 30th. This difficulty, it seems to us, can be readily obviated by apportioning the amount received from the State between the city fiscal years. Thus, of the $22,000 received and to be received from the State school fund for the State fiscal year ending June 30, 1901, one-half (or 11,000) should be applied to the city fiscal year ending December 31, 1900, and the other half to the city fiscal year ending December 31, 1901. This apportionment, however, while reducing the amount which should have been stated as to be received from the State of Kentucky to $11,000, still leaves the proposed tax levy of 31½ cents on the $100 sufficient to meet the requirements of the schools, according to the estimate claimed by the board to be the official one, up to December 31, 1900. As well said by the circuit judge in his opinion in this case: "While

the school board is authorized to demand and receive from the city a sum equal to 35 cents on each $100 of taxable property, yet the right is not an arbitrary one, and must arise out of the necessities of the case. No more may be demanded than is reasonably necessary, nor must the estimate be extravagant." Counsel for the board argues that this construction would lead to the board being charged with the December taxes of 1899 and the December taxes of 1900 in the same city fiscal year. But it is not the December taxes of 1899, but only the unexpended balance of them which is carried over and made available for the expenses of 1900. We are of the opinion that the judgment is correct, and it is therefore affirmed.

Petition for rehearing filed by appellant and overruled.