PRESENT:

HON. J. J. SULLIVAN, CHIEF JUSTICE.
HON. SILAS A. HOLCOMB, } JUDGES.
HON. SAMUEL H. SEDGWICK,

DEPARTMENT No. 1.
HON. WILLIAM G. HASTINGS,
HON. GEORGE A. DAY,
HON. JOHN S. KIRKPATRICK,

DEPARTMENT No. 2.
HON. JOHN B. BARNES,
HON. WILLIS D. OLDHAM,        } COMMISSIONERS.
HON. ROSCOE POUND,

DEPARTMENT No. 3.
HON. EDWARD R. DUFFIE,
HON. JOHN H. AMES,
HON. I. L. ALBERT,

---

DAKOTA COUNTY v. CHICAGO, ST. PAUL, MINNEAPOLIS &
OMAHA RAILWAY COMPANY.

FILED JANUARY 8, 1902. No. 10,583.

1. **Taxes:** CONSTITUTIONAL LIMIT: ILLEGAL. Taxes levied in excess
of the constitutional limit, are for an illegal and unauthorized
purpose and are void.

2. ——: ——: ——: PROTEST. One paying taxes in excess of the
constitutional limit, may recover such excess in an action at law,
although such taxes were not paid under protest.

(405)

ERROR from the district court for Dakota county. Tried below before FAWCETT, J. *Affirmed.*

*William P. Warner,* for plaintiff in error.

*John B. Barnes, contra.*

NORVAL, C. J.

In 1893 Dakota county levied taxes upon the taxable property in said county, including that owned by the Chicago, St. Paul, Minneapolis and Omaha Railway Company, for county purposes, in excess of the constitutional limit of 15 mills on the dollar valuation. The company subsequently paid these taxes, without making any formal protest, and thereupon demanded a return of the amount paid in excess of the constitutional limit. The county having failed to comply with said demand, this action was brought to recover the amount of the taxes so paid in excess of the 15 mills. Plaintiff obtained judgment, from which the county brings error.

The contention of defendant below is that, the taxes having been paid without protest and notice to the county of their invalidity, the payment was voluntary, and there can be no recovery. The point presented makes necessary the consideration of section 144, article 1, chapter 77, Compiled Statutes, under which this action was instituted. The section follows: "Sec. 144. No injunction shall be granted by any court or judge in this state, to restrain the collection of any tax, or any part thereof, hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax, or the part thereof enjoined, be levied or assessed for an illegal or unauthorized purpose; nor shall any person be permitted to recover by replevin, or other process, any property taken or distrained by the county treasurer, or any tax-collector, for the non-payment of any tax, except such tax be levied or assessed for illegal or unauthorized purpose; but in

every case the person or persons claiming any tax, or any part thereof, to be for any reason invalid, who shall pay the same to the county treasurer, tax-collector, or other proper authority, may proceed in the following manner, viz.: First—If such person claim the tax, or any part thereof, to be invalid for the reason that the property upon which it was levied was not liable to taxation, or that said property has been twice assessed in the same year and taxes paid thereon, he may pay such taxes under protest to the tax-collector, county treasurer, or other proper authority, and it shall be the duty of the collector, treasurer, or other proper authority receiving such taxes, to give a receipt therefor, stating thereon that they were paid under protest, and the grounds of such protest, whether not taxable, or twice assessed and taxes paid thereon. If such taxes are paid to the proper authority, other than the county treasurer, such person so receiving them shall, within ten days thereafter, deliver such taxes, or so much thereof as are paid under protest, to the county treasurer, together with a copy of the receipt given for the same, and the county treasurer shall retain the money so paid under protest until otherwise directed by order of the county board.     Within thirty days after paying such taxes, the person paying them shall file a statement in writing, duly verified, with the county board, setting forth the amount of tax paid under protest, the grounds of such protest, and shall attach thereto the receipt taken for said taxes. Whereupon at the first meeting of the county board thereafter, they shall inquire into the matter, and if they shall find either that the property upon which such taxes were levied, was not liable to taxation, or that it had been twice assessed in the same year, and taxes paid thereon, they shall issue an order to the county treasurer to refund said taxes, stating therein what sum shall be refunded, and if they shall find that the grounds of such protest are not true, they shall issue an order to the county treasurer to dispose of said money in the same manner, as though it had not been paid under protest.     Appeals may be taken

from such decisions in the same manner and within the times set forth in sections 37 and 38, chapter 18, of the Compiled Statutes of Nebraska; and if such an appeal be taken, the treasurer shall retain such taxes until the case is finally determined; Provided, That he shall in all cases retain said money until the time for an appeal shall have elapsed. If an appeal from the decision of the county board be taken, and upon the final determination thereof their decision be affirmed, the treasurer shall at once carry the order of said board into effect, and if their decision be reversed, they shall issue a new order to the treasurer conforming to the decree of the court finally determining the case. In all cases where the treasurer shall refund such taxes, he shall write opposite such taxes, in the tax list, the words, 'Erroneously taxed—Refunded.' The term county board, as used in this section, shall be held to mean board of county commissioners, and board of supervisors, as the case may be. Second—If such person claim the tax, or any part thereof, to be invalid for the reason that it was levied or assessed for an illegal or unauthorized purpose, or any other reason, except as hereinbefore set forth, when he shall have paid the same to the treasurer, tax-collector, or other proper authority, in all respects as though the same was legal and valid, he may, at any time, within thirty days after such payment, demand the same, in writing, from the treasurer of the state, of the county, city, village, township, district, or other subdivision, for the benefit, or under the authority, or by the request of which the same was levied, and if the same shall not be refunded within ninety days thereafter, may sue such county, city, village, township, district, or other subdivison, for the amount so demanded, and if upon the trial it shall be determined that such tax, or any part thereof, was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid, judgment shall be rendered therefor, with interest, and the same shall be collected as in other cases." The meaning of the provisions of the foregoing section has been determined by this court on a former oc-

casion.  In *Chicago, B. & Q. R. Co. v. Nemaha County,* 50 Nebr., 393, it was held that the section quoted provides two methods for the recovery from a county of illegal taxes which had been paid: First, where property is not liable for taxation, or has been twice taxed in the same year, and the taxes thereon have been paid under protest, the taxpayer may within thirty days after such payment file a verified claim with the county board for such taxes so paid under protest, with the grounds of protest accompanied with the tax receipt, for an allowance; second, when a tax has been paid which was imposed for an illegal or unauthorized purpose, or for any reason other than double assessment or that the property was not taxable, a suit at law may be brought to recover the amount of such tax. To recover under the first method, the statute expressly provides, the illegal tax must be paid under protest.  No such condition precedent is essential to maintain an action under the second method.  This is plain.  Our decisions do not militate against this conclusion.  *Burlington & M. R. R. Co. v. Buffalo County,* 14 Nebr., 51, was where the property of the plaintiff had been doubly assessed,—once by the state board of equalization, and once by the precinct assessor.  The illegal taxes were paid under protest. The case clearly fell under the first method pointed out by section 144, and that method was followed in bringing the action to recover the illegal taxes.  So that case is not an authority here.  *Caldwell v. City of Lincoln,* 19 Nebr., 569, was to recover an illegal occupation tax imposed under a void ordinance, and which was paid under protest. That case was not predicated upon section 144 of the revenue law.  Undoubtedly the general rule is that taxes voluntarily paid can not be recovered back.  But this rule is modified by statute as to taxes collected for an illegal or unauthorized purpose.  *Davis v. Otoe County,* 55 Nebr., 677, was brought under the first method pointed out in section 144, and a recovery was denied because the protest against the payment of the tax was insufficient.  *Bankers' Life Ass'n of Des Moines v. Commissioners of Douglas*

*County,* 61 Nebr., 202, was to recover taxes levied on property not within the county imposing the same, and fell under the first method of proceeding we have been considering; and to entitle plaintiff therein to recover, the court held he must allege and prove that he made specific objections to the tax at the time of payment. The writer is not aware of a single case in which the court has held that a tax levied for an illegal or unauthorized purpose can not be recovered back, unless the same was paid under protest. That the taxes sought to be recovered in the case at bar were imposed for an illegal and unauthorized purpose, is no longer an open question in this state. It has been so held repeatedly. *State v. Weir,* 33 Nebr., 35; *Young v. Lane,* 43 Nebr., 812; *Chicago, B. & Q. R. Co. v. Nemaha County,* 50 Nebr., 393; *Grand Island & W. C. R. Co. v. Dawes County,* 62 Nebr., 44; *Rothwell v. Knox County,* 62 Nebr., 50. It follows that the failure to protest against the taxes will not defeat recovery.

The judgment is

AFFIRMED.