## LINCOLN COUNTY v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED JUNE 20, 1906. No. 14,269.

1. Taxation: ILLEGAL LEVY. Where a county board has levied the full amount of tax allowed by law for a county general fund, and also designedly levies a larger amount of bridge tax than is necessary for use in that fund, and immediately transfers a large part thereof to said general fund, the tax so unnecessarily levied and transferred is levied for an illegal and unauthorized purpose and is void. *Chicago, B. & Q. R. Co. v. Lincoln County*, 66 Neb. 228.

2. ———: PAYMENT UNDER PROTEST: RECOVERY. In such case, in a suit brought to recover the illegal tax paid under protest, it devolves upon the county to point out what portion, if any, of the tax was levied for a legal and authorized purpose, and upon its failure to do so the plaintiff is entitled to a verdict for the full amount paid.

3. ———: LEVY. It is the duty of a county to levy, within certain

limits, the taxes required for certain purposes each year, and the fact that its funds had been improvidently expended or illegally diverted in the past does not relieve it of such duty.

4. Review: EVIDENCE. Where evidence necessary to sustain a verdict has been erroneously excluded upon a general objection, the party at whose instance the evidence was excluded will not be heard to complain that the verdict, for want of such evidence, is not sufficiently sustained.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*L. E. Roach, A. Muldoon* and *J. G. Beeler,* for plaintiff in error.

*J. W. Deweese, Frank E. Bishop* and *W. T. Wilcox, contra.*

ALBERT, C.

The plaintiff railroad company, the defendant in error in this court, filed its petition against Lincoln county, purporting to state two causes of action. The first is out of the way and requires no further mention. The second is based on section 144, art. I, ch. 77 of the revenue act of 1897, corresponding to section 162 of the same article and chapter of the present revenue law, providing for the recovery of taxes levied for an illegal and unauthorized purpose, when paid under protest. The allegations constituting the second cause of action are, in substance, that in the year 1897 the county board levied a tax of nine mills on the dollar for county purposes, and two mills on the dollar for bridge purposes, and that the tax upon the property of the plaintiff for bridge purposes amounted to the sum of $312.14; that the bridge levy for 1897, as well as several years prior thereto, was designedly made higher than was necessary for the purpose of transferring the surplus arising therefrom to the general county fund, and that $1,850 of the bridge levy for 1897 was in fact transferred to the general fund. A general demurrer to this cause of action was sustained, but the judgment thereon

was reversed, this court holding that, "where a county board has levied the full amount of taxes allowed by law for a county general fund, and also designedly levies a larger amount of bridge tax than is necessary for use in that fund, and immediately transfers a large part thereof to said general fund, the tax so unnecessarily levied and transferred is levied for an illegal and unauthorized purpose and is void." *Chicago, B. & Q. R. Co. v. Lincoln County,* 66 Neb. 228. After the cause was remanded to the district court, the issues were made up and a trial had to a jury.

There is no conflict in the evidence. It shows conclusively that from 1894 to 1897, inclusive, the county levied each year a tax of nine mills on the dollar for general purposes, which is the maximum allowed therefor by the law then in force, as well as by that in force at the present time. Section 77, art. I, ch. 77, Comp. St. 1897; sec. 136, art. I, ch. 77, Comp. St. 1905. There was also a levy each year for bridge purposes, and a transfer of large sums from the bridge to the general fund of the county. The county board in January of each year made an estimate of expenses in accordance with the provisions of subdivision 6, sec. 25, art. I, ch. 18, Comp. St. The following shows the official estimate for bridges each of those years, the amount levied therefor, the amount transferred from the bridge to the general fund, and the date of each estimate, levy and transfer:

ESTIMATE.

| | | | |
|---|---|---|---|
| 1894 | Jan. | 12 | $11,000.00 |
| 1895 | Jan. | 31 | 12,000.00 |
| 1896 | Jan. | 30 | 12,000.00 |
| 1897 | Jan. | 14 | 10,000.00 |

LEVIES.

| | | | |
|---|---|---|---|
| 1894 | July | 10 | $7,796.96 |
| 1895 | June | 29 | 9,639.79 |
| 1896 | July | 7 | 8,811.08 |
| 1897 | July | 7 | 5,101.89 |

TRANSFERS.

| | | | |
|---|---|---|---:|
| 1894 | Jan. | 3 | $2,000.00 |
| | Jan. | 18 | 1,000.00 |
| | Mar. | 29 | 2,500.00 |
| | Dec. | 4 | 2,000.00 |
| | Dec. | 21 | 500.00 |
| 1895 | Feb. | 14 | 1,000.00 |
| | Apr. | 9 | 1,000.00 |
| | Apr. | 12 | 1,000.00 |
| 1896 | Oct. | 28 | 1,000.00 |
| | Feb. | 21 | 2,500.00 |
| | Aug. | 26 | 350.00 |
| | Oct. | 9 | 400.00 |
| 1897 | Feb. | 20 | 1,850.00 |

In addition to the foregoing, the plaintiff offered to show that the estimate for bridge purposes for the year 1898 was $8,000; that in June, 1898, the county board made a levy of nine mills on the dollar for general purposes, and one mill for bridges; that on the 7th day of July, thereafter, the county board transferred $3,000 from the bridge to the general fund. This evidence was excluded at the defendant's instance. The court directed a verdict for the plaintiff for the full amount of the bridge tax assessed against its property for 1897. The defendant county now appeals.

Taking into account the fact that the board each year levied the maximum allowed by law for general county purposes, the amount levied each year for bridge purposes, the large excess thereof transferred each year to the general fund, the dates at which the transfers were made, with reference to the dates of the estimates, and the dates of the levies, there is but one reasonable inference to be drawn from the record, and that is that each year prior to 1897 the board designedly made an excessive levy for bridge purposes, with a view to transferring a portion of the fund realized therefrom to the general fund, and thereby to evade the law limiting the levy for general purposes to nine mills on the dollar valuation. In other words, we think the record shows conclusively that, while

a levy was made ostensibly for bridge purposes each of those years, a portion thereof was in fact intended for general purposes, and the levies for those years would clearly come within the rule stated on the former appeal and hereinbefore quoted. But we are dealing with the bridge levy of 1897, which the trial court in effect found was entirely illegal and void. The question now presented is whether the evidence justifies that finding. It will be recalled that no evidence was received of the transfer of any portion of the amount realized from the bridge levy of 1897 to the general fund. All transfers of bridge funds shown by the evidence were from previous levies, the latest being $1,850, which was made on the 20th day of February, 1897, some four months before the levy in question. The record presented on the former appeal showed that this transfer was from the levy of 1897, but the evidence now shows that it was from a previous levy.

We do not think such transfers, in and of themselves, vitiate the levy of 1897. The law makes it the duty of the county board to levy the necessary taxes for general purposes each year. The fact that the board has been improvident, or has made an illegal use of funds in the past, does not relieve it of this duty. When it meets to levy taxes, the question is not what has become of revenues collected in the past, but what amount of revenue is required for the different purposes for the current year. The necessities may be urgent, and they are none the less so because funds which should be available to meet such necessities have been illegally expended or diverted. To hold otherwise would be to place it within the power of the county board to emasculate the county, and render it impotent to discharge its functions as a political subdivision.

We think, however, the court should have received the evidence showing the transfer of the $3,000 from the bridge to the general fund on the 7th day of July, 1898. That transfer was of a portion at least of a balance on hand after meeting the expenses chargeable to the bridge fund

to that date. It must have been derived from the levy of 1897, or previous levies, because the transfer was made on the date of the levy of 1898, and the difference in the fund could have been realized therefrom. From the fact that the county had a remainder of at least $3,000 of the bridge fund at the date of the levy for 1898, taken in connection with the evidence showing the previous transactions of the board, the only reasonable inference is that the bridge levy for 1897 was designedly made excessive, for the purpose of transferring a portion at least to the general fund, for which the maximum amount allowed by law was levied at the same time. In other words, had such evidence been received, the only reasonable inference from the entire record would be that one purpose of the levy in question was to evade the law limiting the amount to be levied for general purposes in any year to nine mills on the dollar valuation. Had the board proceeded directly to levy a tax for general purposes in excess of the amount allowed by law, the tax to the extent of the excess would be held to have been levied for an illegal purpose. *Dakota County v. Chicago, St. P., M. & O. R. Co.,* 63 Neb. 405, and cases there cited. That it proceeded by indirection, and made the levy ostensibly for bridge purposes, does not better its position. The evidence necessary to make out plaintiff's case and that the bridge levy for 1897 was designedly excessive, and made with a view to transfer a portion thereof to the general fund, was excluded on a general objection interposed by the defendant. Consequently, for the purpose of testing the sufficiency of the evidence to sustain the verdict, that evidence should be treated precisely as though it had been received, because a party will not be heard to complain of a judgment against him because of the want of evidence which was excluded at his instance. *Sours v. Great Northern R. Co.,* 81 Minn. 337; *Missouri, K. & T. R. Co. v. Elliott,* 102 Fed. 96, 42 C. C. A. 188; *Jobbins v. Gray,* 34 Ill. App. 208; *Claflin v. Farmers & Citizens Bank,* 24 How. Pr. (N. Y.) 1.

It is true that, even had an excessive levy been expressly made for general purposes, it would have been illegal only to the extent of the excess.   It is also true that, even considering the evidence excluded at the defendant's instance as part of the evidence in the cause, it does not show the  exact portion of the bridge levy for 1897 which the board intended to divert to the general fund.   But we think the defendant is in a position somewhat analogous to that of one who wrongfully intermingles his goods with those of another, and the rule in such case is that all the inconvenience of the confusion is thrown on the party who produced it, and, generally, it is for him to distinguish his own property or to lose it.   Here, if any portion of the bridge tax for 1897 was actually required for bridge purposes, it was included with that which was in fact levied for the illegal purpose of transferring it to the general fund.   The defendant or its agents were in possession of the facts, and it was for the defendant to show what portion of the levy, if any, was legal, and having failed to do so, the plaintiff was entitled to a finding that the entire bridge tax for 1897 was levied for an illegal purpose.

It is recommended that the judgment be affirmed.

JACKSON, C., concurs.

By the Court:   For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.