UNION PACIFIC RAILROAD COMPANY, APPELLEE, v. M. N.
TROUPE, COUNTY TREASURER, ET AL., APPELLANTS.

FILED DECEMBER 3, 1915.  No. 19086.

1. Schools and School Districts: TAXES: AMOUNT OF LEVY.  When a
   school district has money in its treasury available for the support
   of the school during the ensuing school year, it is bound to take
   that fact into account in fixing the tax levy, and the levy should be
   made for no more than will approximately raise the difference
   between the amount on hand and the amount determined as
   necessary to meet the expenses of the district for the ensuing school
   year.

2. ———: BUILDING FUND: TAX LEVY: VALIDITY.   Where a school
   district undertakes to vote a tax for the purpose of creating a
   building fund without complying with the provisions of section
   11543, Ann. St. 1911, (Rev. St. 1913, sec. 6743) any assessment or
   levy made thereunder is void.

3. Taxation: INJUNCTION.  Injunction will lie to restrain the collec-
   tion of a tax levied or assessed for an unauthorized or illegal
   purpose.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sinclair* and *E. B. McDermott,* for appellants.

*Edson Rich, B. W. Scandrett* and *T. F. Hamer, contra.*

MORRISSEY, C. J.

Action by plaintiff to restrain the collection of taxes levied for school purposes under sections 11540, and 11543, Ann St. 1911. Twenty causes of action against as many school districts are set out in the petition. Nineteen of these causes of action involve the same question, the only difference being that they relate to separate and distinct school districts, and thère is a difference in amount. The parties have seen fit to select district No. 3, being the second cause of action, as typical of the 19. The case of this district turns upon the construction of section 11540, Ann. St. 1911.

Plaintiff's line of railroad extends throughout the district, and its assessed valuation therein is approximately 50 per cent. of the total assessed valuation of the district. There is no substantial dispute as to the facts. Prior to the annual school district meeting held June 30, 1913, the district trustees estimated that the expense of maintaining the school during the ensuing year would be $800, and at the annual district meeting it was determined by the voters of the district, that $800 would be required for the maintenance of the school during the school year, and the district officers sent up their certificate to the proper county officers showing that the school district had voted $800 as the estimated expense of maintaining the school for the next school year, and requesting that a levy be made sufficient to raise that amount. The county board caused a levy of 8 1-2 mills on the dollar valuation to be made. Applied to the assessed valuation of the property of the district, this would produce $959, and it made a charge against plaintiff's property of $501. At the time the school district had on hand $703.82. Thus it will be seen

that it·lacked only $96.18 of having as much money on hand as the total estimated expenses for the year. Plaintiff alleged that a levy of one mill on the assessed valuation of the district would raise an amount which, added to the money on hand, would exceed the amount necessary to maintain the school for the year, and on this basis tendered to the defendant county treasurer its proportion of the tax, and brought this suit to have the remainder of the tax declared null and void, and to restrain the defendant county treasurer from attempting to collect the same.

The section under consideration reads as follows: Section 11540: "That trustees of each school district within the State of Nebraska shall, prior to the annual school district meeting in each year, provided for by section 5427 of this act (11530), prepare an estimate showing the amount of money required for the maintenance of schools during the coming school year, and the legal voters at the annual school meeting each year, shall determine the amount of money required for school maintenance during the coming school year, which shall be an amount sufficient to maintain a school in the manner and for the time provided in section 5440 (11545) of the act and the amount of money so required shall be levied as a tax upon all of the taxable property of the school district; provided, that in districts having four children or less of school age, the amount levied shall not exceed the sum of four hundred ($400) dollars in any year; and in districts having more than four and less than sixteen children of school age, the levy shall not exceed the sum of fifty ($50) dollars per child in addition to the above. The amount of money so voted as being necessary for the maintenance of the school for the coming year, shall be certified by the district school board to the county clerk of the county in which said school district is located and said amount shall be levied by the county board on the assessed value of the school district, and be collected as other taxes; provided, that the amount so levied shall not exceed in any one year

two and one-half ($2.50) dollars on the one hundred dollar valuation as assessed and equalized."

Under this section it was the duty of the school district officers to prepare an estimate showing the amount of money required for the maintenance of the school, and the legal voters were left to determine at the annual school meeting the amount required for school maintenance during the succeeding year, with a provision that the amount so voted should not exceed "in any one year two and one-half ($2.50) dollars on the one hundred dollar valuation as assessed and equalized." The amount voted and levied is within the 25-mill limitation. But plaintiff contends that, after the school district has determined the amount necessary to meet the expenses for the ensuing year, it must then take into account the amount of money on hand, and that the levy shall be no more than is sufficient to raise the difference between the amount on hand and the amount fixed and determined as the sum necessary to meet the expenses for the ensuing year. So far as this cause of action and those similar to it are concerned, this is the question to determine.

The other complaint is directed against an assessment and levy made by district No. 22 for the purpose of creating a building fund. It is pointed out that the only authority for voting this tax was derived from section 11543, Ann. St. 1911, which, so far as material here, provides that the voters at the annual school district meeting may determine upon a levy not to exceed ten mills on the dollar valuation, which shall be expended for building purposes, upon petition filed with the district trustees at least twenty days before the annual meeting, of one-fourth of the legal voters of the district, praying that the question of voting a tax for that purpose be submitted at the annual meeting, and making it the duty of the trustees to include such question in the posted notices calling such meeting, requiring that the petition shall definitely state the whole question to be submitted, including the sum desired to be raised or the amount of the tax to be levied, and the whole regulation, in-

cluding the time of its taking effect or having operation. It further provides that, if a majority of the electors vote in favor thereof, that fact "shall be certified to the county board, which, upon being satisfied that all the requirements have been substantially complied with, * * * shall make an order that the levy be made." The preliminary steps for making this levy were not taken, and for these reasons, the plaintiff alleges that the assessment was null and void. The court found that the taxes complained of in the several causes of action were levied without authority of law, and were therefore null and void, and entered a decree as prayed, restraining their collection.

After a school district has determined the amount necessary to meet its expenses for the ensuing year, must it take into account the money it has on hand and adjust its levy so as to raise an amount which, added to the sum on hand, will meet the expenses of the district, or is it free to disregard the money already in the treasury and make a levy which will raise an amount equal to the estimated expense for the year, provided this levy is within the 25-mill maximum fixed by the statute? It has never been the policy of the law to create a fund by taxation to lay by for future use, except only in the case of building funds, sinking funds to meet outstanding bonds, etc., and in these cases express authority is given by statute. Even these statutes provide for certain formalities and special notice, so that the voters of the district may have their attention directed specifically to the proposed levy. The section quoted (11540) shows that the estimate shall be made annually. It also provides that the voters at the annual meeting shall determine the amount necessary for school maintenance during the coming year, and that this amount shall be "sufficient to maintain a school in the manner and for the time provided." There is no suggestion that money may be accumulated for future use. But the provisions for the annual estimate, the annual meeting, and the annual levy of a tax indicate a contrary intention

on the part of the legislature. In addition to the 25-mill limitation, we find the direction to determine the· amount of money "required for school maintenance during the coming year, which shall be an amount sufficient to maintain a school in the manner and for the time provided." This provision, when read in the light of the preceding provisions of the section, cannot be said to fix a minimum only, but must be held to fix a maximum as well. If a district has a large sum of money in its treasury, and had no outstanding obligations, why not take this money into account when making the annual levy? In the instant case $800 is estimated as sufficient for the next ensuing school year, and is more than it required during the preceding year. It has available more than $700. Shall this sum be taken into account in making the levy? This question was before the court of appeals of Kentucky under a statute like ours. The school board requested a levy of 35 mills, the maximum under the statute. The taxing board found that the district had $13,000 in its treasury, and reduced the amount of the levy, as plaintiff is seeking to have done here. The court said: "While the statute provides for a tax for school purposes not to exceed in any one year 35 cents on each $100 taxable property valuation, the school board is not authorized to demand' more than is reasonably necessary." *Board of Education v. Nelson,* 109 Ky. 203.

No complaint is made of the estimate, and there is no attempt to deprive the district of money sufficient to meet its expenses. But no reason is advanced for levying a tax to defray expenses when there is money in the treasury available for that purpose. The district court was right in holding that the amount in excess of that required to raise the difference between the amount on hand and the amount needed was levied for an illegal and unauthorized purpose.

The remaining question relates to the levy for building purposes made by district No. 22. Section 11543, Ann. St. 1911, heretofore in substance set out, was the only author-

ity for making this levy. The requirements of that section were not met, and counsel for the district do not contend that the preliminary steps were taken, but say that it was the duty of the county board to pass judicially or quasi-judicially upon the action of the district in voting the tax, and that there is no allegation in the petition nor evidence in the record that the county board erred in making the levy, and that the complaint of want of power to make the levy must be directed against the action of the county board, and not against the school district, and therefore it must be alleged and proved that the county board was without jurisdiction or unauthorized to make the levy. This contention is entirely too technical. Until the district had authorized the levy to be made, the county board was without authority to make it, and without complying with the statute no lawful levy could be made. In *Harmon v. City of Omaha,* 53 Neb. 164, in the body of the opinion it is said: "It is a familiar rule that enactments by which authority for special assessments or levies of taxes is conferred are to be strictly construed. It is also a familiar doctrine that, in order to sustain such assessments, the record must affirmatively show a compliance with all the conditions essential to a valid exercise of the taxing power. *Smith v. City of Omaha,* 49 Neb. 883; *Hutchinson v. City of Omaha,* 52 Neb. 345; *Stenberg v. State,* 50 Neb. 127. The proceedings being without the condition necessary at their inception, they were without authority and the taxes levied were void."

The taxes complained of, having been levied for an illegal and unauthorized purpose, come within the saving clause of section 6491, Rev. St. 1913, and were properly enjoined.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., concurring.

I think the levy in this case was made for an unauthorized purpose. "Taxes levied in excess of the constitu-

tional limit are for an illegal and unauthorized purpose and are void." *Dakota County v. Chicago, St. P., M. & O. R. Co.*, 63 Neb. 405. Of course, if the levy is in excess of a statutory limit, it would be equally unauthorized. The officers of the school district prepare the budget. They inform the voters at the annual meeting in detail what they consider the district will require to use during the ensuing year. The voters take action upon this report, and decide how much money the district will require for all purposes during the year. This matter is left largely to the discretion of the voters. They determine how much money the district will require to use and inform the county authorities. The school district has nothing to do with the levy. The county authorities have nothing to do with determining how much the district will be required to use. They are authorized to make such a levy as will be necessary, so that the district will have the money it needs for all purposes during that year. If the district will need to use $800 during the ensuing year, and already has at its disposal more than $700, any levy in excess of $100 is unnecessary to furnish the required amount, and the board is not authorized to make an unnecessary levy. It has no such discretion in the matter. It is simply to make such levy as is required to place at the disposal of the district the amount which the district has decided to be necessary for its purposes. If the board levies more than is required for that purpose, it exceeds its authority, and such levy is unauthorized.

Fawcett, J., dissenting.

The important question in this case is: Can the relief sought by plaintiff be obtained by injunction? Section 6491, Rev. St. 1913, provides: "No injunction shall be granted by any court or judge in this state to restrain the collection of any tax, or any part thereof hereinafter levied, nor to restrain the sale of any property for the nonpayment of any such tax, except such tax or the part thereof enjoined be levied or assessed for an illegal or

unauthorized purpose." That a school district may levy taxes to meet the expenses of the district for the ensuing school year, and that it may also vote a tax for the purpose of creating a building fund, must be conceded. To make such a levy or to vote such a tax is not, therefore, either "illegal" or "unauthorized." In the suit at bar the most that can be said of the levy for expenses during the ensuing school year is that the levy was excessive; and the most that can be said about the tax voted to create a building fund is that the formalities prescribed by statute had not been observed in voting the tax. These facts do not render either the levy for expenses for the school year or the tax for a building fund subject to the charge that they are "levied or assessed for an illegal or unauthorized purpose." Conceding that the former is excessive and the latter irregular, plaintiff would not be entitled to an injunction, for the reason that it had an adequate remedy by appeal from the action of the county board. By such a proceeding the levy could have been adjusted in an orderly manner, and, if excessive, could have been reduced and the amount of plaintiff's just liability for taxes could have been definitely determined. This suit illustrates the wisdom of a statute like section 6491. Public officials, charged with the duty of providing the revenues necessary for any department of the government, should not be interfered with or embarrassed by the extraordinary writ of injunction, except where it is clearly shown that such officials are proceeding fraudulently, or without authority of law, and that the relator has no legal remedy by appeal or otherwise. Moreover, so far as the record shows, the county board acted regularly, without any notice of the fact that the school district board were attempting to obtain an excessive levy, or that they had on hand or under their control any surplus not disclosed by their report.

LETTON and ROSE, JJ., concur in above dissent.