WILLARD W. KISSINGER, APPELLEE, v. SCHOOL DISTRICT NUMBER 49, OF CLAY COUNTY, NEBRASKA, APPELLANT.

77 N. W. 2d 767

Filed June 29, 1956. No. 33967.

34

*Robert B. Waring, Lawrence S. Dunmire,* and *John C. Gewacke,* for appellant.

*Massie, Bottorf & Massie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover $267.55 and interest from School District No. 49, Clay County, Nebraska, which is alleged to have been excessively levied and was therefore unauthorized and unlawful. The trial court sustained plaintiff's motion for a summary judgment. The defendant appeals.

The petition alleges that the annual meeting of School District No. 49, hereafter referred to as the district, was held on June 8, 1953, at which time a resolution was adopted determining the total anticipated operating expenses for school purposes for the year 1953-1954 to be $28,550. The petition alleges that on such date the district had on hand the sum of $9,788.55 in cash and a further sum in the hands of the county treasurer in the amount of $10,200. It is alleged also that the district had an anticipated income of $7,800. The record shows the anticipated income to be derived from the federal government for the purpose of providing adequate school facilities for the children and dependents of the personnel of the Navy Depot situated in Adams and Clay Counties. The total cash on hand and anticipated income is alleged to be $27,788.55. The amount voted to be levied was $17,000. Plaintiff asserts that $761.45 was all that was required to be raised by taxation under the foregoing facts and he seeks a return of the excess tax paid by him in the amount of $267.55, together with interest from November 12, 1954. Demand was made within 30 days for the return of plaintiff's portion of the excess levy, which was refused, and this action resulted.

The plaintiff served a request for admissions on defendant's counsel on October 7, 1955, in accordance with section 25-1267.41, R. S. Supp., 1955. The decision in this case rests largely on the effect to be given to the answers returned to the request for admissions. The nature of the answers returned can be demonstrated by considering requests No. 4, 5, 6, 7, and 9, and the answers made thereto. Such requests and answers are as follows:

"4. That there was cash on hand in the school district treasury at the time of the annual meeting the sum of $9,788.55." Answer. "As affiant is informed and believes there was not cash on hand in the School District Treasury at the time of the annual meeting in the sum of $9,788.55 or similar amount, which sum of $9,788.55 was raised from taxes."

"5. That there was cash on hand in the County Treasury at time of the annual meeting to the credit and order of said district number 49 in the sum of $10,200.00." Answer. "As affiant is informed and believes, there was a balance in the hands of the County Treasurer at the time of the annual meeting to the credit and order of District No. 49. The amount can readily be ascertained by counsel for the plaintiff by the simple process of walking across the street from his office to the office of the County Treasurer of Clay County, Nebraska, and at the time of the trial of this case, affiant will go into the Office of the County Treasurer, ascertain the balance, if any, to the credit of School District No. 49 in the hands of the County Treasurer at the time of the annual meeting and will, without further parley, agree that such balance was on hand in the exact amount as shown by the County Treasurer's books reserving only objections to its relevancy and materiality."

"6. That income from sources other than taxes was on June 8, 1953, reasonably anticipated in the sum of $7,800.00." Answer. "In reference to income from sources other than taxes, affiant states that he is unable to fairly admit or deny what income defendant school district might or might not receive from sources other than taxes."

"7. That the total anticipated school expense for the school year 1953-1954 was determined to be the sum of $28,550.00." Answer. "In reference to anticipated school expense for the year 1953-1954, the same answer is made as heretofore made in reference to the proof of the minutes of the defendant school secretary. Whatever the record shows will be admitted."

"9. That said School District Number 49, Clay County, Nebraska instructed the county board and county clerk of Clay County, Nebraska, to make a levy on all taxable property of said district to raise the total amount of $17,000.00." Answer. "In reference to the instruction of the defendant to the County Board and County Clerk

of Clay County, Nebraska to make a levy on all taxable property to raise the total amount of $17,000.00 the same answer is given as heretofore, namely that affiant has agreed that if the record shows upon examination that fact, it will be readily admitted."

Section 25-1267.41, R. S. Supp., 1955, was before this court in Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344. With reference to it we there said: "Section 25-1267.41, R. S. Supp., 1951, is identical with Rule 36 of the Federal Rules of Civil Procedure. Its provisions are not merely directory, but substantial compliance therewith is required. However, they are not self-executing, and the party claiming admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto. In that connection, the applicable rule here is that where a party properly serves a request for admissions of relevant matters of fact or the genuineness of relevant documents, and all objections thereto are heard and appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time alloted constitutes an admission of the facts sought to be elicited. In such situation a motion for summary judgment is appropriate and may be granted if admissions made or failure to deny as required by the statute, together with the pleadings, show that there is no genuine issue as to any material fact or that the court is without jurisdiction of the subject matter. See, 2 Barron and Holtzoff, Federal Practice and Procedure, ch. 9, p. 534, and 4 Moore's Federal Practice (2d ed.), ch. 36, p. 2701, in both of which texts numerous supporting cases are cited. See, also, Mecham v. Colby, ante p. 386, 56 N. W. 2d 299; § 25-1332, R. S. Supp., 1951."

It will be noted that the answers given to the requests for admissions are equivocal and fail to meet the requirements of the statute. It is the contention of the defendant that it may answer requests for admissions in any

one of three ways, to wit, either (1) admit or deny, (2) set forth reasons why it cannot admit or deny, or (3) make objections. No proper objections appear to have been made. The attempts of defendant's counsel to explain why he could neither admit nor deny do not meet the requirements of the act. Counsel for defendant appears to have a misconception as to the duty imposed when request for admissions is served upon him under the statute. When a request for admissions is made under this section, the party served must answer even though he has no personal knowledge if the means of obtaining the information are available to him. It is not a sufficient answer that he does not know, when it appears that he can obtain the information. The information here sought was in the possession of the secretary of the district or the county treasurer of Clay County. It is immaterial that the plaintiff is acquainted with the facts as to which admission is sought. The purpose of the rule is to expedite the trial and to relieve parties of the cost and inconvenience of proving facts which will not be disputed on the trial, the truth of which can be ascertained by reasonable inquiry. Hanauer v. Siegel, 29 F. Supp. 329.

The rule is stated in Dulansky v. Iowa-Illinois Gas & Electric Co., 92 F. Supp. 118, as follows: "The above-quoted portion of Rule 36(a) demonstrates clearly the drastic character of the burden placed upon the one to whom the requests are made. It is clear, unambiguous, unequivocal and means just what it says. Walsh v. Conn. Mut. Life Ins. Co., D. C., 26 F. Supp. 566. The party served with a request for an admission which he finds legally objectionable shall respond thereto not by denying the requested admission but by making written objection upon whatever legal grounds he feels himself entitled to under Rule 36. And, as stated in the rule, a denial shall fairly meet the substance of such requested admission and when good faith requires that a party deny only a part or a qualification of a matter of which

an admission is requested, he shall specify so much of it as is true and deny only the remainder. There can be no evasion from this requirement. One cannot answer properly in the alternative but must comply strictly and literally with the terms of the statute upon his peril of having his response construed to be in legal effect an admission." We point out that Rule 36(a), referred to in the foregoing quotation, is similar to a corresponding provision of section 25-1267.41, R. S. Supp., 1955. Unless the reasoning of the Dulansky case applies, the very purpose of the statute would be defeated. Counsel for the defendant in the instant case has the impression that he cannot be compelled to answer and thereby assist in making the plaintiff's case. The purpose is a different one altogether. It is not proper to refuse to respond to a requested admission on the ground that the requesting party has the burden of proving the matters contained in the request. Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F. 2d 809. A party must respond to a requested admission even though the matters requested may be controverted by the pleadings. In re Independent Distillers of Kentucky, 34 F. Supp. 724. A bad response is treated as no response at all and hence as an admission. Walsh v. Connecticut Mut. Life Ins. Co., 26 F. Supp. 566.

We find from an examination of the requests for admissions, under the foregoing rules, that the following facts are established: The district had cash on hand on June 8, 1953, in the amount of $9,788.55. The district had cash on hand in the county treasury to its credit and order on such date in the amount of $10,200. The anticipated income to the district from sources other than taxation for the year 1953-1954, as determined at the annual meeting, was $7,800. The total anticipated school expenses for the school year 1953-1954 were $28,550. The district authorized a levy on all taxable property to raise the amount of $17,000. The school taxes levied against plaintiff's property were $276.10 which he paid

on November 12, 1954. Plaintiff made proper demand for the return of the excess tax in the amount of $267.55 and interest, which demand was refused.

The total amount of cash on hand on June 8, 1953, was $19,988.55. The anticipated income was $7,800, making a total of $27,788.55. The amount needed to operate the school for the year 1953-1954 was $28,550, leaving a balance of $761.45 to be raised by taxation. The pertinent facts are established. Counsel for the defendant contends that there is a dispute in the facts and he asserts that defendant has specifically denied that the district had $9,788.55 in cash in its treasury and $10,200 on hand in the county treasury to the credit of the district. But the answers to the request for admissions as to these facts do not sustain such contention. The request for admission and the answer thereto as to the item of $9,788.55 is hereinbefore set out as request and answer number 4. It will be noted that the answer in effect was that affiant is informed and believes there was not cash on hand in the sum of $9,788.55 which was raised from taxes. The amount on hand was readily determinable from the records of the district. The answer was clearly within the knowledge of the district. The answer was equivocal when included therein was the statement that there was not on hand such amount "raised from taxes." Request and answer number 5 was likewise insufficient. Defendant equivocated by offering to admit any amount shown by the county treasurer's records at the time of trial. The statutory provision requires good faith answers as to the facts, not equivocations which defeat the very purpose of the legislation.

The defendant alleges that any money on hand at the time of the annual meeting in 1953 was money received from the federal government under section 421(d), Title 5, U.S.C.A., for the purpose of providing school facilities for the dependents and children of the personnel of the Navy Depot situated nearby and did not represent

any tax money paid by the taxpayers of the district. This is not a defense. It was money available for the payment of the general expenses of the district in operating its school for the 1953-1954 school year. In Union Pacific R. R. Co. v. Troupe, 99 Neb. 73, 155 N. W. 230, this court said: "No complaint is made of the estimate, and there is no attempt to deprive the district of money sufficient to meet its expenses. But no reason is advanced for levying a tax to defray expenses when there is money in the treasury available for that purpose. The district court was right in holding that the amount in excess of that required to raise the difference between the amount on hand and the amount needed was levied for an illegal and unauthorized purpose." See, also, Peterson v. Hancock, 155 Neb. 801, 54 N. W. 2d 85.

We think that section 79-515, R. S. Supp., 1955, clearly indicates the correctness of our position in using the following language: "It shall contain only a general statement of the total amount of funds proposed to be raised by taxation for the ensuing fiscal year, subdivided and classified into the different objects or branches of expenditures, together with a concluding statement of the entire revenue of said district raised by taxation and from other sources for the previous fiscal year. The resolution of annual estimate shall be spread at large upon the minutes of the annual meeting. The district may at the annual meeting adopt such resolution, as proposed or with amendments, voting such sums, to be raised by tax upon the taxable property of the district, as may be required to maintain the several schools thereof for the ensuing year." In City of Omaha v. Hodgskins, 70 Neb. 229, 97 N. W. 346, the term "revenue" is defined as follows: " 'The word is broad and general, and includes all public moneys which the state collects and receives, from whatever source and in whatever manner.' " See, also, State v. Stanton County, 100 Neb. 747, 161 N. W. 264. The funds on hand on June 8, 1953, were revenue which the district must take into consid-

eration in fixing the tax levy for general school purposes for the 1953-1954 school year.

The defendant argues that exact calculations as to the amount of taxes to be raised for school purposes were not contemplated and that consideration can be had for possible nonpayments of taxes and other similar contingencies. We are of the opinion that defendant's position is correct as a general proposition. However, an excessive levy of more than $16,000 to meet the needs of the district which have been fixed at $28,550 exceeds any reasonably contemplated leeway for such contingencies. The tax levy is required to be a reasonable approximation of the amount required. It has not been the policy of the law to permit the creation of funds by taxation in large amounts for future use, except where statutory authorization exists as in the case of building funds, sinking funds, and the like.

Defendant contends that it was error for the trial court to sustain plaintiff's motion for a summary judgment. The rule is that a summary judgment may be properly entered only when there is no genuine issue of fact to be decided and the movant is entitled to judgment as a matter of law. Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543; Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244. In the present case the plaintiff properly served a request for admissions of relevant matters of fact. The answers filed thereto were equivocal and constitute an admission of the facts sought to be elicited. Since all of the pertinent facts stand admitted, a motion for a summary judgment affords an appropriate remedy. Plaintiff's motion for a summary judgment was supported by an affidavit establishing the regularity of the service of the request for admissions. No showing, by affidavit or otherwise, was made which purported to rebut the admitted facts. Under such circumstances there was no issue of fact to be determined and the question to be resolved was one of law. Under the admitted facts plaintiff was entitled to judgment as a matter of

law and the trial court was correct in granting plaintiff's motion for summary judgment.

AFFIRMED.