SARGENT FEED & GRAIN CO., APPELLANT, V. WAYNARD
ANDERSON ET AL., APPELLEES.

344 N.W.2d 59

Filed February 10, 1984. No. 83-020.

Robert E. Wheeler of Stowell & Wheeler, P.C., for appellant.

Steven O. Stumpff of Stumpff & Washburn, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This action was commenced to recover damages resulting from the breach of an alleged contract for the sale of 5,000 bushels of corn by the defendants to

the plaintiff. The petition, filed July 20, 1981, alleged that the contract was made over the telephone on May 1, 1980, and a confirmatory memorandum was sent to the defendant Waynard Anderson on September 19, 1980.

On October 1, 1981, a demurrer filed by the defendants was overruled. Joseph J. Divis appeared for the defendants at this hearing.

On October 8, 1981, the plaintiff's request for admissions was served upon the defendants by mailing a copy to Joseph J. Divis, their attorney. The defendants failed to answer or respond to the request for admissions within the 30 days specified in the request and as provided in Neb. Rev. Stat. § 25-1267.41 (Reissue 1979).

A failure to appropriately respond within the time allotted to a properly served request for admission of facts constitutes an admission of the facts sought to be elicited. *Mueller v. Shacklett*, 156 Neb. 881, 58 N.W.2d 344 (1953); *Kissinger v. School District No. 49*, 163 Neb. 33, 77 N.W.2d 767 (1956). When the defendants failed to respond to the request for the admission of facts within the time allotted, the facts sought to be elicited were admitted and no longer subject to controversy in the action.

On December 11, 1981, the plaintiff filed a motion for summary judgment alleging that because of the defendants' failure to answer the request for admissions, all matters of which an admission was requested should be deemed admitted. The motion was noticed for hearing on January 25, 1982. In the event the motion was overruled the case was to proceed to trial immediately after the hearing on the motion.

On February 23, 1982, a notice of hearing for March 19, 1982, was served upon the defendants. On March 22, 1982, a notice of hearing on the motion for summary judgment for April 5, 1982, was served upon the defendants. On May 17, 1982, a notice of

hearing on the motion for May 28, 1982, was served upon the defendants.

On June 17, 1982, a notice of hearing on the motion for summary judgment and trial to be held on June 30, 1982, was served upon the defendants.

Finally, after serving five notices for hearing upon the defendants, the motion for summary judgment was heard on June 30, 1982. The defendants were still represented by Joseph J. Divis at this hearing.

On the day of the hearing the defendants' attorney filed an answer, which had been verified by the defendants on January 20, 1982, and an "Appearance and Motion in Response to Plaintiff's Motion for Summary Judgment" which alleged that the defendants should not be required to respond to the request for admissions until an issue in regard to the statute of frauds had been determined and adjudicated.

On the motion of the plaintiff the defendants' answer was stricken, and the matters of fact requested to be admitted in the request for admissions served on October 8, 1981, were deemed admitted. The motion for summary judgment was sustained. The trial court found that the defendants were in default and that the plaintiff was entitled to recover the sum of $4,100, with interest and costs, from each of the defendants.

On July 12, 1982, the defendants, appearing by their present counsel, filed a motion for new trial. A motion to vacate the summary judgment was filed on July 26, 1982. These motions were heard on July 27, 1982, and the judgment entered on June 30, 1982, was set aside. It is this order which the plaintiff contends was erroneous.

The matter was tried a second time on November 17, 1982. At this hearing the trial court found in favor of the defendants and dismissed the petition. The plaintiff then appealed to this court.

The order of July 27, 1982, which set aside the summary judgment entered on June 30, 1982, was not an appealable order. In *Otteman v. Interstate Fire &*

*Cas. Co., Inc.*, 171 Neb. 148, 105 N.W.2d 583 (1960), we held that an order vacating a summary judgment was not a final order, and dismissed the appeal from such an order. See, also, *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953); *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962); *Bringewatt v. Mueller*, 201 Neb. 736, 272 N.W.2d 37 (1978). The plaintiff had no opportunity to have the order of July 27, 1982, reviewed until a final order had been entered in the action. That occurred after the second trial before a different district judge on November 17, 1982.

A trial court may modify or vacate its judgments within the term, but the power to do so rests in the sound legal discretion of the court and may not be done arbitrarily. *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982). The discretion is a judicial discretion which is subject to review.

A party which has secured a judgment is entitled to retain that judgment, and it may not be set aside in the absence of a sound legal reason for doing so.

The record in this case fails to show any legal basis for the order of the trial court on July 27, 1982, which set aside the summary judgment that had been entered on June 30, 1982. In setting aside the judgment for the plaintiff, the trial court stated: "I must say that this case has been mishandled from the inception. I haven't had a case like this. Everyone is entitled to their day in Court and you will agree with that too, Mr. Wheeler. The Andersons have not had their day in Court — through no fault of their own.

"I find I properly granted the motion for your summary judgment but in all fairness to the parties, I am going to grant your motion for new trial. I am going to set aside my former order of the summary judgment, both of them.

"You have asked that you do not answer the requests for admissions; I am going to require you to answer the requests for admissions. You may do

so, it doesn't hurt you Mr. Stumpff; I am confident of your ability to do that. You are given 20 days to answer the request for admissions and we are going to get this case heard."

The record before us contains no justification whatever for the delay occasioned by the failure of the defendants to answer the petition in this case and respond to the plaintiff's request for admissions.

It is the duty of the courts to prevent abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970). This court will not tolerate or reward a course of conduct deliberately designed to disrupt the orderly administration of justice. *Morgan v. Weiner*, 173 Neb. 715, 114 N.W.2d 720 (1962).

The neglect and fault of the defendants' counsel, Joseph J. Divis, could not be a basis for setting aside the judgment in this case. Certainly his conduct is not chargeable to the plaintiff. If anyone must lose because of the neglect of a lawyer, it should be the party who selected and employed that lawyer as his counsel.

The record fully supports the action of the trial court in granting the plaintiff summary judgment on June 30, 1982. It does not support the order of July 27, 1982, vacating the summary judgment, which was an abuse of discretion.

The judgment of the district court is reversed and the cause remanded with directions to reinstate the judgments against the defendants which were entered on June 30, 1982.

REVERSED AND REMANDED WITH DIRECTIONS.