AETNA CASUALTY & SURETY COMPANY, A CORPORATION, APPELLEE AND CROSS-APPELLANT, V. DON NIELSEN AND VELMA NIELSEN, APPELLANTS AND CROSS-APPELLEES.

348 N.W.2d 851

Filed May 11, 1984. No. 83-220.

James P. Fitzgerald of McGrath, North, O'Malley & Kratz, P.C., for appellants.

Knudsen, Berkheimer, Richardson & Endacott, for appellee.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

RIST, D.J.

This is an action by appellee, Aetna Casualty & Surety Company (Aetna), against appellants, Don and Velma Nielsen (Nielsens), upon a guaranty allegedly given by appellants to guarantee a sale contract and promissory note from Lincoln Skyrise, Inc. (Skyrise), to International Hotel Supply Corporation (IHSC). Aetna's action is based upon an assignment from IHSC. Following trial, a jury returned

verdicts against both appellants in the amount of $64,671.66. Judgment was entered thereon with prejudgment interest. Appellants appeal from the verdicts and judgment, and appellee cross-appeals.

Skyrise was a corporation which built a motel near Lincoln, Nebraska. It purchased furnishings and equipment for the motel from IHSC, for which it executed a purchase contract and promissory note. Appellant Don Nielsen was president and a stockholder of Skyrise. He and his wife, Velma, are alleged to have executed a guaranty of the contract and note.

Skyrise defaulted on the note and, after application of proceeds from the sale of property pledged to secure the note, IHSC assigned to Aetna its rights against all persons liable for the balance. Aetna had paid $64,671.66 to IHSC under its policy obligation with respect to the default, and sought to recover $143,840.04 plus interest, being the total amount claimed due on the note.

One assignment of error by appellants is dispositive of the case and requires reversal of the judgment below, although we will consider several other assignments, since this cause is subject to retrial.

One of the issues at trial was whether appellants had executed the guaranty. In instruction No. 2 the trial court properly instructed that appellee had the burden to prove such execution by appellants. The court, however, also gave instruction No. 6, which provided in part that "[w]hen the effectiveness of a signature is put in issue, the burden of establishing it is on the party claiming under the signature, *but the signature is presumed to be genuine or authorized.*" (Emphasis supplied.) Appellants assign as error the giving of this instruction, having sufficiently objected to the same at the trial court's instruction conference.

Appellants are correct that the instruction was improper. The record is clear that the trial court considered Neb. U.C.C. § 3-307 (Reissue 1980) as appli-

cable, the language emphasized above being a literal statement of a portion of that statute. The problem is that the statutory rule contained in this instruction is applicable only to negotiable instruments as such instruments are defined in Neb. U.C.C. § 3-104 (Reissue 1980).

The guaranty in issue is not a negotiable instrument. It does not meet the criteria of the statute last cited, in that it does not contain an unconditional promise to pay a sum certain and is not payable on demand or at a time certain. Two courts have specifically held guaranty agreements are not negotiable instruments. *Associates Discount Corporation v. Elgin Organ Center, Inc.*, 375 F.2d 97 (7th Cir. 1967); *Crown Life Ins. Co. v. LaBonte*, 111 Wis. 2d 26, 330 N.W.2d 201 (1983).

A guaranty of a promissory note cannot be construed together with the note so that the guaranty partakes of the status of a negotiable instrument of the note. This court has held that a guaranty is an undertaking independent of the note, the responsibilities of which differ from those of the note to which the guaranty is collateral. *National Bank of Commerce Trust & Sav. Assn. v. Katleman*, 201 Neb. 165, 266 N.W.2d 736 (1978). See, also, *Crown Life Ins. Co. v. LaBonte, supra*.

We find no law providing any presumption of genuineness with respect to signatures on a guaranty.

Appellee argues that even though the instruction may be wrong, it is harmless error, asserting that the instructions as a whole fairly submitted the case and that the jury was not misled as to appellee's burden of proof. We cannot agree. Instruction No. 6 as framed has the effect of making the presumption of genuineness evidence of that fact, regardless of what evidence appellants offered. At best, this type of presumption is rebuttable and would have no effect once there was evidence which disputed the signatures. Nowhere in the instructions is there a

statement to that effect, nor that if evidence had been offered by appellants denying the execution of the guaranty, the presumption no longer applies. Under instruction No. 6 the jury could well believe the presumption remained in full force and effect to appellee's benefit, no matter what evidence appellants produced, and was to be considered, in effect, as evidence to support appellee's burden of proof in all circumstances.

Even if § 3-307 were applicable, which it is not, the Comment following that section makes clear that if some evidence is produced by a defendant that the signature is not his, the statutory presumption disappears and the burden of proof is on the claimant without benefit of the presumption.

We find instruction No. 6 substantially misstates the law with respect to appellee's burden of proof and what may be considered in support of that burden. Such error is not harmless and is not cured by other instructions correctly setting forth the burden of proof. For this reason we must reverse the judgment of the trial court.

Since we remand this cause for retrial, several additional assignments of error require consideration.

One such assignment is that Nielsens were denied the right to amend their answer before trial. The record reflects that on October 15, 1979, Nielsens originally filed an answer by way of a general denial. Aetna, on February 27, 1980, filed requests for admissions from the Nielsens. On April 7, 1980, Aetna moved to have the requests deemed admitted, Nielsens having failed to answer them within the statutory time. The trial court heard this motion and, on September 18, 1980, entered its order that the parties having agreed that all admissions be deemed admitted except for the execution of the guaranty, the Nielsens were ordered to file an amended answer in accordance therewith.

On February 5, 1981, the Nielsens filed their an-

swer admitting all allegations of plaintiff's petition save for the execution of the guaranty, which was denied, and, as a further defense, alleged they had never agreed to execute a guaranty, that IHSC had delivered the furniture and supplies before any alleged guaranty was signed, and that Nielsens were never notified of the sale of the security for the note. On February 10, 1981, the trial court, after hearing, found this answer with respect to such further defenses was done in violation of the rules of the court and without leave of court, and struck such defenses from the answer.

On July 23, 1982, the Nielsens moved for leave to file an amended answer, which admitted all allegations of the petition except that, with respect to the guaranty, they admitted such guaranty guaranteed to IHSC that Skyrise would pay all obligations to IHSC, but denied the execution of such guaranty; and with respect to the amount due, defendants denied they owed plaintiff $143,840.04 plus interest because they denied the execution of the guaranty, but admitted that Skyrise was indebted to plaintiff in the amount of $143,840.04 plus interest thereon at the rate of 9 percent per annum from September 29, 1975. Said answer was filed August 6, 1982.

Up to this point, Nielsens had been represented by Mr. John Akin. On December 6, 1982, Mr. Akin asked leave to withdraw as Nielsens' counsel because of a conflict of interest, which leave was granted, and Mr. James Fitzgerald then entered his appearance for the Nielsens. On December 20, 1982, Mr. Fitzgerald moved for leave to file yet another amended answer in the form of a general denial, and further moved that the court's order deeming requests for admissions as admitted be set aside and Nielsens be given an opportunity to answer the same. These motions were denied.

Appellants claim the denial of the December 1982 motion to amend appellants' answer was an abuse of discretion by the trial court. We find it was not. It

is obvious from the record that, given Nielsens' failure to answer the requests for admissions within the statutory time, such requests were properly treated as admitted, except that the parties stipulated through counsel that the admission of the signing of the guaranty would be excluded therefrom. The court so ordered, directing that an answer be filed in accordance with that stipulation. The effort in December 1982 to reinstate additional defenses more than 2 years after the court's order must fail. The failure to answer the requests for admissions justified the court's action with respect to the appellants' answer. It is an appropriate result when parties fail without good cause to meet procedural standards. As this court noted in *Sargent Feed & Grain v. Anderson*, 216 Neb. 421, 344 N.W.2d 59 (1984), it will not reward unnecessary delays or dilatory proceedings. To have permitted the proposed amended answer of December 1982 would have been such a reward. A change in counsel does not alter the situation.

At trial Aetna sought to introduce an oral agreement between Mr. Akin and Aetna's counsel with respect to the issues to be tried. Objection to such testimony was sustained on the basis that it violated the rule of the trial court. Appellee argues such rule may not be considered on appeal, since it does not appear of record.

This court, in the case of *State v. Barrett*, 200 Neb. 553, 264 N.W.2d 434 (1978), ruled it would take judicial notice of all district court rules on file with the Clerk of the Supreme Court. Subsequent to that decision, the rules of the district court for Lancaster County were so filed. We judicially notice the same, and find that Rule VII(G), in effect at the time of trial, required all stipulations and private agreements or understandings of counsel or parties, unless made in open court, to be signed and in writing. The trial court properly excluded the evidence under this rule.

Aetna, in its cross-appeal, assigns as error the

submission to the jury of the question of the amount which Aetna might recover, asserting that under the pleadings there was only one amount to be considered, namely, $143,840.04 plus the interest set forth in the answer. We find Aetna's position to be correct as to the principal amount of $143,840.04. We note Nielsens' answer of August 6, 1982, which denied the amount due only because they denied the execution of the guaranty, also admitted that Skyrise was indebted to plaintiff in the above amount and that the second assignment to Aetna specifically covers all amounts due on the obligation to IHSC, not just the amount paid by Aetna under its policy. We further note in said answer that Nielsens admit the guaranty at issue guaranteed payment of all obligations due IHSC from Skyrise under the purchase contract, subject only to the issue of execution of the guaranty. Such pleading constitutes a judicial admission of the amount due if Nielsens are found to have executed the guaranty, and they are bound thereby. See *Barkalow Bros. Co. v. English*, 159 Neb. 407, 67 N.W.2d 336 (1954). Accordingly, the trial court should have instructed the jury as a matter of law that if it found Nielsens had executed the guaranty, then the amount of principal admitted in the answer would be its verdict.

Nielsens assign as error the allowance of any prejudgment interest, and Aetna assigns as error that prejudgment interest should have been allowed on the sum of $143,840.04.

The rule with respect to the allowance of prejudgment interest, as found in the most recent decisions of this court, is that such interest is allowable only if the amount of the claim is liquidated. A claim is liquidated where no reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such recovery. *Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 329 N.W.2d 97 (1983); *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900 (1982). The rule has two require-

ments. One is that there be no dispute as to the amount due. There is no such dispute in this case. The second requirement, that there be no reasonable controversy over plaintiff's right to recover, is, however, not met in this case. Such controversy did exist as to the guaranty, namely, whether appellants had executed it, and it is sufficient to prevent the allowance of any prejudgment interest.

Other assignments of error need not be considered.

The cause is remanded for retrial in accordance with this opinion.

REVERSED AND REMANDED
FOR A NEW TRIAL.