ESTHER H. MACKLEM, APPELLANT, V. VALLEY BANK OF UNION
COUNTY, ELK POINT, SOUTH DAKOTA, A CORPORATION, AND
NORBERT BREMER, APPELLEES.

375 N.W.2d 907

Filed November 8, 1985. No. 84-450.

Norris G. Leamer of Leamer, Rager & Hohenstein, for appellant.

William J. Klimisch of Goetz, Hirsch & Klimisch, for appellee Valley Bank.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Esther H. Macklem filed suit against the appellee Valley Bank of Union County to recover the sum of $22,050.77, together with interest, which Macklem maintained Valley Bank had received pursuant to a certain contract and which lawfully belonged to Macklem because of an assignment to her. After trial to the court, a jury having been waived, Macklem's petition was dismissed. It is from that order of dismissal which Macklem now appeals to this court. For reasons more particularly set out hereinafter, we affirm.

While certain of the evidence is in conflict, it does appear without conflict that on December 5, 1975, Macklem's son, Maurice F. Macklem, and his wife, Linda S. Macklem, sold certain farmland which they owned to Dale T. Wilson, Jean Wilson, and Norbert Bremer. The purchase price was $75,000, of which $20,000 was paid at the time the contract was signed. The balance in the amount of $55,000 was to be paid in annual installments of $3,000 to Ervin E. Nordstrom, as agent for the sellers. The contract further recited that there was a real estate mortgage to the federal land bank association which the sellers,

Maurice F. Macklem and Linda S. Macklem, were to pay. There are a number of other provisions to the contract which are not material to our decision and therefore need not be considered.

On December 11, 1975, after execution of the contract for sale, Maurice Macklem and his wife, Linda, executed an assignment to his father and mother, Lee Macklem and the appellant, Esther Macklem. The assignment set over to Esther Macklem and her husband $18,000 of the moneys to be received by Maurice Macklem from the sale of the farmland. The payments were to be made to Northwestern National Bank, Sioux City, Iowa, as representative of Lee and Esther Macklem. A second assignment, in favor of the appellee Valley Bank of Union County, was later executed by the sellers, Maurice and Linda Macklem, on April 12, 1979, and purported to assign to Valley Bank all of the Macklems' right, title, and interest in and to the contract of sale. Lee Macklem died on January 2, 1981, and the appellant, Esther Macklem, under the terms of the assignment, is the sole survivor of any rights under that assignment.

Macklem has assigned a number of reasons why the trial court was in error in not ordering Valley Bank to pay to Macklem moneys received by Valley Bank which Macklem claims belonged to her under her prior recorded assignment. We need not, however, consider any of the many assignments because the evidence presented at trial establishes conclusively that if Macklem was entitled to any money, she has been paid all of the money due her under the assignment and is not, therefore, entitled to any of the money subsequently paid by the buyers to Valley Bank.

Requests for admissions were served upon the appellant, Macklem. She was asked to admit to the following question:

> 5. Do you admit as a fact that on or about March 1, 1977, a total of $6,850.00 was paid by the Contract for Real Estate purchasers to *your representative* pursuant to said Contract referred to in Request for Admissions No. 1 and said assignment referred to in Request for Admissions No. 2?

(Emphasis supplied.) The answer to that question was "Yes." In similar fashion Macklem was asked to admit that on March 1, 1978, a similar payment in the amount of $3,154.41 was paid to

*her representative* and that on February 23, 1979, a payment in the amount of $4,965.85 was paid to *her representative*. To each of these questions she answered, unequivocally, "Yes." She likewise admitted in the request for admissions that on March 1, 1978, and February 23, 1979, a total of $3,004.34 was paid to *her representative* and the federal land bank for the payment of the mortgage to the federal land bank. This was the mortgage which was to be paid by her son and daughter-in-law. She, therefore, has admitted that her representative has received $17,974.60. Additionally, Macklem admitted that on September 23, 1977, a payment of $1,872 was paid directly to the federal land bank association in order to make a mortgage payment upon the property. This also was an obligation of her son and daughter-in-law.

Rule 36 of the Nebraska Discovery Rules, promulgated by the Nebraska Supreme Court on January 1, 1983, provides in part as follows: "(b) Effect of Admission. Any matter admitted under this rule is *conclusively* established unless the court on motion permits withdrawal or amendment of the admission." (Emphasis supplied.) Macklem never requested permission to either withdraw or amend the answers. Therefore, the answers stand conclusively and unequivocally established. The fact that the son testified that he and his mother had a different understanding or arrangement as to who should actually keep the money once received is of no significance. Certainly, Macklem had a right to make a gift to her son of any money she received. By making a gift or paying a debt, however, she is not entitled to receive additional payments, in light of her admission that her representative received payment on her behalf. Any effort by the parties to contradict or explain away the unequivocal admissions made by Macklem are of no avail.

In view of the fact that Macklem admitted that she had received all the payments due to her, we need not consider any of the other issues raised by the appellant or any of the other assignments of error made by her. The judgment of the district court is affirmed.

AFFIRMED.