BRYAN WIBBELS, APPELLEE, V. KENNETH FRED UNICK,
CONSERVATOR FOR THE ESTATE OF FRED UNICK, APPELLANT, TOWN
& COUNTRY COOP, SCOTIA, NEBRASKA, INTERVENOR-APPELLEE.

426 N.W.2d 244

Filed July 15, 1988.   No. 86-741.

Patrick J. Nelson and Terri S. Harder, of Jacobsen, Orr, Nelson & Wright, P.C., for appellant.

Gregory G. Jensen for intervenor-appellee.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and RILEY and OTTE, D. JJ.

SHANAHAN, J.

Kenneth Fred Unick, conservator for the estate of Fred Unick, appeals from the judgment for Town & County Coop, Scotia, Nebraska (Coop), on Unick's counterclaim. Unick's appeal presents a question concerning consequences of a party's failure to respond timely to a request for admission, pursuant to Neb. Disc. R. 36 (rev. 1986).

Bryan Wibbels commenced an action against Fred Unick and claimed that Unick, as lessor, failed to pay Wibbels, as lessee, an amount due under their farmland lease. Coop filed its petition of intervention in Wibbels' suit on September 24, 1985, and alleged that, relying on Unick's tendered check for $25,200 payable to the Coop and Wibbels, the Coop supplied petroleum products, labor, and fertilizer which were valued at $25,774. When the bank refused to honor Unick's check, Coop intervened in the Wibbels-Unick litigation, requesting that any amount recovered by Wibbels be awarded to Coop. Responding to Coop's petition of intervention, Unick filed his demurrer and a motion to strike or dismiss Coop's petition. Shortly thereafter, without disposition of the demurrer or motion, Unick filed his answer to Coop's intervention petition, denied liability to Coop, counterclaimed that Coop owed Unick $25,200 for fertilizer which Coop had agreed to deliver but failed to apply on the leased land, and requested judgment accordingly. On October 25, Unick served "Requests for Admission" on Coop, which included requested admissions that Unick's check for $25,200 was delivered to Coop pursuant to its promise to apply fertilizer to the leased land, Coop did not apply the fertilizer, and Coop owed Unick $25,200. On January 22, 1986, Coop filed its answer and generally denied Unick's counterclaim.

In support of his motion for summary judgment, filed on

March 6, 1986, or some $4^1/2$ months after service of the request for admissions, Kenneth Unick, as conservator for Fred Unick, asserted that Coop had failed to respond to the request, notwithstanding service pursuant to Rule 36. On March 26, Coop transmitted answers to Unick's request for admissions, denied the agreement with Unick for application of fertilizer on the leased land, and, correspondingly, denied failure to apply fertilizer on the leased land and consequent liability for such failure. At the hearing on Unick's motion for summary judgment, held on April 8, Unick proved that his request for admissions had been served on Coop, which had failed to answer or object within 30 days after service of the request, and offered the request for admissions to which Coop had made no response. Before and at the hearing for summary judgment, Coop did not offer an explanation for its failure to answer or object to the requested admissions and never asked the court to enlarge or extend time for answering or objecting to Unick's request for admissions. Rather, at the summary judgment hearing, after Unick's request for admissions was received as evidence for the purpose of the summary judgment, Coop introduced its answers to Unick's request for admissions. The court denied Unick's motion for summary judgment. Somewhere along the line, Wibbels and Unick settled their differences, leaving Unick's counterclaim as the only actionable matter before the court. Later, after a trial on the merits, the court entered judgment for Coop on Unick's counterclaim.

Unick complains that, as the result of Rule 36, all elements necessary to prevail on his counterclaim were conclusively established by Coop's admissions through its failure to respond timely to Unick's request, thereby entitling Unick to judgment as a matter of law on his counterclaim and precluding a trial on the counterclaim. Coop contends that its tardy response to Unick's request for admissions should not obviate a trial on the merits regarding Unick's counterclaim and the judgment favorable to Coop.

Rule 36, "Requests for Admission," in pertinent part provides:

> (a) Request for Admission. A party may serve upon any other party a written request for the admission, for

purposes of the pending action only, of the truth of any matters within the scope of Rule 26 (b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . . The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons upon that party.

. . . The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his or her attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him or her. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. . . .

. . . .

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining his or her action or defense on the merits.

A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co., ante* p. 160, 425 N.W.2d 872 (1988); *Lowry v. State*

*Farm Mut. Auto. Ins. Co.*, 228 Neb. 171, 421 N.W.2d 775 (1988).

Matters admitted pursuant to Rule 36 are a proper predicate for a summary judgment. *U.S. v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987); *Luick v. Graybar Electric Company, Inc.*, 473 F.2d 1360 (8th Cir. 1973); *All State Leasing v. Top Hat Lounge*, 198 Mont. 1, 649 P.2d 1250 (1982); *Wagner v. Carex Investigations & Sec.*, 93 Nev. 627, 572 P.2d 921 (1977). Cf. *Sargent Feed & Grain v. Anderson*, 216 Neb. 421, 344 N.W.2d 59 (1984) (appellate reinstatement of summary judgment based on a request for admission, when the trial court vacated the judgment after a motion for new trial).

As we stated in *McKinstry v. County of Cass*, 228 Neb. 733, 734-35, 424 N.W.2d 322, 324 (1988):

In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous. *Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986). In reviewing a judgment awarded in a bench trial of a law action, the Supreme Court does not reweigh evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988); *Alliance Nat. Bank v. State Surety Co., supra.* Regarding a question of law, the Supreme Court has an obligation to reach its conclusion independent from the conclusion reached by a trial court. *Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29, 60 A.L.R.4th 953 (1986).

In *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 536, 407 N.W.2d 146, 153 (1987), we noted that "[a] purpose of the discovery process is exploration of all available and properly discoverable information to narrow the fact issues in controversy so that a trial may be an efficient and economical resolution of a dispute."

In substance, Rule 36 is the Nebraska counterpart to Fed. R. Civ. P. 36, which is "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed

at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." 8 C. Wright & A. Miller, Federal Practice and Procedure § 2252 at 705 (1970). Wright & Miller contains the following observation concerning a request for admission:

> "Through such definition and limitation, admissions promote both efficiency and economy in resolving disputes. If a point is conceded, litigants need not expend effort in investigations concerning it nor incur expense in presenting evidence to prove it. Judicial administration is also aided. Admissions reduce the time required to try a case. Indeed, they often make summary judgment possible. Finally, admissions encourage litigants to evaluate realistically the hazards of trial, and thus tend to promote settlements."

*Id.* at 704-05 (quoting Finman, *The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371 (1962)). See, also, 4A J. Moore, J. Lucas & D. Epstein, Moore's Federal Practice ¶ 36.02 (2d ed. 1984) (federal Rule 36 facilitates and expedites a trial by presenting undisputed facts and proof otherwise burdensome in time and expense). Rule 36 promotes an objective of discovery, the reduction of trial time, by (1) facilitating proof concerning issues that cannot be eliminated from the case and (2) narrowing issues and eliminating the necessity of proof on undisputed matters. See 4A J. Moore, J. Lucas & D. Epstein, *supra*, ¶ 36.01[5]. Also, Rule 36 has a significant role and function regarding Neb. Ct. R. on Case Progression Standards (rev. 1986), which prescribes the deadline for a trial on the merits in civil cases.

This court has recognized and adopted the rule that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. In *Sargent Feed & Grain v. Anderson*, 216 Neb. 421, 422, 344 N.W.2d 59, 60 (1984), this court, construing Neb. Rev. Stat. § 25-1267.41 (Reissue 1979), the statutory forerunner of Rule 36, stated: "A failure to appropriately respond within the time allotted to a properly served request for admission of facts

constitutes an admission of facts sought to be elicited. [Citations omitted.]" When the defendants failed to respond to the request for the admission of facts within the time allotted, the facts sought to be elicited were admitted and no longer subject to controversy in the action. See, also, *Macklem v. Valley Bank of Union County*, 221 Neb. 227, 229, 375 N.W.2d 907, 909 (1985): matters admitted pursuant to Rule 36 are "conclusively and unequivocally established." See, further, *Aetna Cas. & Surety Co. v. Nielsen*, 217 Neb. 297, 348 N.W.2d 851 (1984); *Kissinger v. School District No. 49*, 163 Neb. 33, 77 N.W.2d 767 (1956); *Mueller v. Shacklett*, 156 Neb. 881, 58 N.W.2d 344 (1953). In *Mangan v. Broderick and Bascom Rope Company*, 351 F.2d 24, 28 (7th Cir. 1965), the court stated: "Rule 36 places the burden upon a party to whom requests are directed to take some affirmative action, either by response to the requests or by objecting thereto if any ground he has."

Rule 36 is not self-executing, but requires that a party, claiming another party's admission by failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must subsequently offer the request for admission as evidence. See, *Gilbert v. General Motors Corporation*, 133 F.2d 997 (2d Cir. 1943); *Triple I Supply, Inc. v. Sunset Rail, Inc.*, 652 P.2d 1298 (Utah 1982); 8 C. Wright & A. Miller, *supra*, § 2264.

> A party who fails to respond to a request should be held to have admitted it even though the request was objectionable or the party may have some valid reason for not answering it. The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a sworn statement is filed or objections made. It is needlessly wasteful of judicial effort to allow a party to obtain a reversal on appeal because of an objection he could have but failed to make when the request was served.

8 C. Wright & A. Miller, *supra*, § 2259 at 725-26.

Thus, while not self-executing, Rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a

request for admission. When a party has been served with a request for admission, pursuant to Rule 36, but fails to answer or object to the request, the subject matter of the request stands admitted by the unresponsive party and is conclusively established, unless the court on motion permits withdrawal of the admission by a party's failure to respond. See, *Sargent Feed & Grain v. Anderson, supra*; *Aetna Cas. & Surety Co. v. Nielsen, supra*.

By order within a court's discretion, a party may obtain an enlargement or extension of time beyond 30 days to respond to a request for admission. Rule 36(a). See, *Schuett v. Hargens*, 173 Neb. 663, 114 N.W.2d 508 (1962) (construing § 25-1267.41 (Reissue 1956), statutory predecessor to Rule 36); *U.S. v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987); *Jensen v. Pioneer Dodge Center, Inc.*, 702 P.2d 98 (Utah 1985). If, however, a party does not seek an extension of time to respond outside the 30-day period specified by Rule 36(a), and the subject matter of the request for admission is, therefore, deemed admitted, a party may request to withdraw such admission under Rule 36(b). See, *U.S. v. Kasuboski, supra*; *Jensen v. Pioneer Dodge Center, Inc., supra*; *Rainbolt v. Johnson*, 669 F.2d 767 (D.C. Cir. 1981).

In *Kasuboski, supra*, the government served requests for admission on Kasuboski, pursuant to Rule 36 of the Federal Rules of Civil Procedure. Kasuboski failed to respond to the government's request. Five months after service of the requests for admission, the government moved for summary judgment. Kasuboski never requested the court's permission to respond outside the 30-day period specified by federal Rule 36 and did not seek to withdraw his admissions after the 30-day period had expired without Kasuboski's response. Recognizing the potentially harsh consequence of failure to respond as prescribed by federal Rule 36, the court, nevertheless, granted summary judgment and commented:

> The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition, the

harshness is tempered by the availability of the motion to withdraw admissions, a procedure which the defendants did not employ.

834 F.2d at 1350.

In the present case, the undisputed facts demonstrate that Coop failed to answer or object to Unick's request for admissions within the 30-day period prescribed by Rule 36(a). Coop never sought an enlargement or extension of time to respond to Unick's request for admissions and did not request the court's permission to withdraw the admissions effected by failure to respond to the request. As the result of Coop's failure to respond to Unick's request for admissions, in accordance with Rule 36(a), the subject matter of Unick's request was admitted by Coop and was conclusively established through Rule 36(b) for the purpose of a summary judgment. Coop's admissions established the elements necessary for Unick's recovery, as a matter of law, on his counterclaim.

Because no genuine issue of material fact existed for recovery on Unick's counterclaim, the district court incorrectly denied summary judgment for Unick on his counterclaim. The district court's judgment denying summary judgment to Unick is reversed, and this matter is remanded to the district court with direction to enter judgment for Unick in accordance with his counterclaim. Also, the district court's judgment for Coop entered after a trial on the merits is reversed.

REVERSED AND REMANDED WITH DIRECTION.