KERRY P. PETSKA ET AL., APPELLEES, V. OLSON GRAVEL, INC., APPELLANT.

500 N.W.2d 828

Filed June 4, 1993.   No. S-91-106.

Patrick J. Nelson, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellant.

Daniel M. Placzek, of Luebs, Beltzer, Leininger, Smith & Busick, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

Defendant, Olson Gravel, Inc. (Olson), appeals from a jury verdict and the judgment entered thereon which awarded plaintiffs damages in the amount of $50,075.80. We affirm.

In December 1978, appellee Kerry P. Petska entered into a 10-year gravel lease with appellant, Olson. Although Petska was not the owner of the leased premises, he executed the contract with the consent of and on behalf of the landowners, his parents, Donald L. Petska and Norma E. Petska. The lease provided that Olson was granted permission to remove from the leased premises as much sand, gravel, and rocks as could be found. In exchange, Olson was to pay a royalty of 20 cents per cubic yard on gravel removed. The payment due dates for these royalties were set out by the contract as follows:

7. Lessee agrees to pay to Lessor a royalty . . . . Said royalty shall be payable to Lessor on July 1st for gravel hauled between January 1st and June 30th of each year, October 1st for the third quarter; and December 31st for the fourth quarter.

8. Lessee agrees to pay Lessor a gravel royalty prepayment of $5,000.00 per year commencing with the execution of this agreement. Subsequent payments shall be made the 31st of December of each year. If at any time the royalty computed under paragraph 7 hereof exceeds the payments made under paragraph 8, royalty payments shall be made quarterly as scheduled in paragraph 7. In the event the said $50,000.00 credit is not used at the end of ten years, the excess shall be applied to gravel royalty computed during the second ten year period . . . . If Lessee fails to renew the lease into the second ten year period, any of the $50,000.00 credit shall remain with Lessor.

Although the parties executed the lease in 1978, Olson did not commence mining until 1985. It was not until near the end of the 10-year lease term that a dispute arose between the parties over the accounting of the amount of gravel removed from the leased premises. Olson claimed that the royalty prepayments it made pursuant to paragraph 8 of the lease were sufficient to meet the total amount of royalties due. The Petskas claimed that Olson's accounting of the removed gravel was underestimated and that therefore Olson owed additional royalties not covered by the prepayments.

Petska, along with his parents, filed suit against Olson in Valley County District Court. The Petskas' petition alleged two causes of action, one for forcible entry and detainer and a second for recovery of unpaid royalties. Both claims were based upon an alleged breach of the lease by Olson.

The two claims were tried separately. The first cause of action was tried before the court in October 1989. On November 1, after completion of the trial, the district court dismissed the first claim based on its finding that plaintiffs failed to prove Olson had violated any terms of the lease. Yet in the same ruling, the court stated that "there appears to be a dispute as to the accounting of removed material." Olson was then given 10

days to plead or 20 days to answer the second cause of action for recovery of unpaid royalties.

On November 7, Olson filed a demurrer to the Petskas' second cause of action. The demurrer was overruled. On January 19, 1990, Olson filed its answer in which it alleged that under the doctrines of res judicata and collateral estoppel, the trial court's order dismissing plaintiffs' first cause of action operated as a bar to plaintiffs' second cause of action. Olson then moved for summary judgment, asserting that there was no issue of material fact because plaintiffs' claim was barred by the doctrines of res judicata and collateral estoppel. The motion was denied.

The second cause of action was tried before a jury on November 26 and 27, 1990. Plaintiffs' first witness was their expert witness, a land surveyor who was hired by plaintiffs to determine the amount of gravel removed from the leased premises. Plaintiffs' expert testified that 513,782 cubic yards of sand, gravel, and rocks had been removed from the leased premises. Then plaintiffs introduced into evidence royalty summaries which were prepared by Dennis Olson, president of defendant. These summaries stated that defendant had removed only 97,368 cubic yards of sand, gravel, and rocks from the Petskas' land. However, on direct examination by plaintiff, Dennis Olson admitted that the numbers in the royalty summaries indicating the amount of gravel removed from the Petska property from 1985 through 1988 were estimates which he determined by merely looking at the piles of removed gravel. Olson provided no expert testimony, but, rather, relied upon the royalty summaries as evidence of the actual amount of gravel removed. Defendant did provide evidence in the form of canceled checks to support his contention that $50,000 in royalty prepayments required by paragraph 8 of the lease had been paid to plaintiffs.

The jury returned a verdict in favor of plaintiffs and assessed damages in the amount of $50,075.80. The trial court entered judgment on the verdict, awarding plaintiffs $50,075.80 for unpaid royalties. Olson's motions for judgment notwithstanding the verdict and new trial were overruled. Thus, Olson has brought this appeal.

Appellant's first assignment of error contests the trial court's denial of its motion for summary judgment. We have held that a denial of a motion for summary judgment is not a final order and therefore is not appealable. *Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 436 N.W.2d 151 (1989). Appellant argues that in *Wibbels v. Unick*, 229 Neb. 184, 426 N.W.2d 244 (1988), this court appeared to apply a contrary rule by reviewing and reversing the lower court's denial of a motion for summary judgment.

In *Wibbels*, defendant served a request for admissions upon petitioner in order to establish proof of his counterclaim against a petitioner in intervention. Petitioner failed to respond within the 30 days required by statute. Thereafter, defendant filed a motion for summary judgment which was based on the admissions in the discovery request. After service of the motion, but prior to the hearing, petitioner sent to defendant responses to the request for admissions. At the summary judgment hearing, petitioner introduced these responses into evidence, but did not explain its previous failure to respond within the time period prescribed by statute. The trial court denied defendant's motion for summary judgment. After trial, the court ruled in favor of petitioner on defendant's counterclaim. In defendant's appeal we held that petitioner's failure to respond within the statutory period conclusively established the requested admissions and that the admissions established the elements necessary for defendant's recovery as a matter of law. Thus, we reversed the trial court's final judgment as well as its denial of defendant's motion for summary judgment.

Although our decision in *Wibbels* appears to recognize a party's right to appeal the denial of a motion for summary judgment, a careful reading of the case reveals that we did not expressly or impliedly authorize such an appeal. This is indicated by the fact that our opinion does not discuss or even mention the rule of law authorizing a party to appeal, posttrial, the denial of summary judgment. Furthermore, in a more recent case, *Commerce Sav. Scottsbluff, supra*, we specifically held that such an order is not appealable.

The law is clear. We need not consider the trial court's denial

of appellant's motion for summary judgment. However, in order to fully address appellant's last assignment of error, we will nonetheless need to discuss appellant's argument in support of its motion for summary judgment, that the doctrines of res judicata and collateral estoppel bar appellees' second cause of action.

Appellant's second and third assignments of error deal with the trial court's admission of and refusal to admit certain documents into evidence. "[I]n all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in admissibility of evidence . . . ." *State v. Messersmith*, 238 Neb. 924, 936, 473 N.W.2d 83, 92 (1991). It is not necessary to explain appellant's assignments of error in detail, because we find that the trial court's rulings thereon correctly applied the Nebraska Rules of Evidence.

Appellant's fourth assignment of error concerns the trial court's instructions to the jury. In an appeal based on the claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Pugh v. Great Plains Ins. Co.*, 239 Neb. 171, 474 N.W.2d 677 (1991). Appellant argues that the court did not instruct the jury on the proper law of the case because the trial court's instructions failed to address those issues resolved by the order on the first cause of action.

Appellant proposed two jury instructions which the trial court rejected, one for damages and another for the statement of the case. We find that the trial court properly rejected appellant's damages instruction because appellant's instruction basically mirrored the trial court's instruction.

Appellant's statement of the case instruction was also similar to the court's, except that appellant's instruction included a paragraph which set forth several facts that had been "determined as a matter of law" and, therefore, must be accepted as true. Yet appellant fails to provide this court with the basis upon which it asserted that these facts had been

determined as a matter of law. This assertion is again related to the proposition that plaintiff's claim is barred by the doctrine of res judicata, or issue preclusion, which we discuss later in this opinion and reject.

As its last assignment of error, appellant asserts that the trial court erred by overruling its motion for new trial. A motion for new trial is directed to the discretion of the trial court, and absent an abuse of discretion, the trial court's decision on the motion for new trial will be upheld on appeal. *Loving v. Baker's Supermarkets*, 238 Neb. 727, 472 N.W.2d 695 (1991); *DeCamp v. Lewis*, 231 Neb. 191, 435 N.W.2d 883 (1989).

Appellant lists, in its brief, a number of issues to be addressed by this court when reviewing the trial court's denial of new trial. However, since appellant fails to provide any discussion to expound on these issues, we are not required to consider this assignment of error. *Wells Fargo Ag Credit Corp. v. Batterman*, 229 Neb. 15, 424 N.W.2d 870 (1988). Nevertheless, in order to assure that this case is given a complete appellate review, we will briefly discuss the issues raised by appellant in its last assignment of error.

These issues primarily challenge the court's judgment and the jury verdict as unsupported by the evidence and contrary to the law. A jury verdict is sufficient if there is any competent evidence presented to the jury upon which it could find for the successful party. *Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 436 N.W.2d 151 (1989). In determining the sufficiency of the evidence to sustain a verdict in a civil case, this court considers evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. *Chadron Energy Corp. v. First Nat. Bank*, 236 Neb. 173, 459 N.W.2d 718 (1990). We find that the testimony of plaintiffs' expert as to the amount of gravel removed from the leased premises constitutes competent evidence upon which the jury could find for plaintiffs. Therefore, since the jury verdict is supported by the evidence, the trial court's judgment, which simply restates the verdict, is also supported by the evidence.

Appellant contends that the verdict and judgment are contrary to the law. There is only one argument in appellant's

brief which could possibly support this contention. That is, under the doctrines of res judicata and collateral estoppel, the trial court's decision on the first cause of action operated as a bar to appellees' second cause of action; thus, pursuant to the law, the court should have dismissed the second claim. The applicability of the doctrines of res judicata and collateral estoppel to this case constitute a question of law. With regard to questions of law, this court is obligated to reach a conclusion independent from the trial court's conclusion. *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1992).

The doctrine of res judicata simply provides that a final judgment on the merits is conclusive upon the parties in any later litigation involving the same cause of action. *Kerndt v. Ronan*, 236 Neb. 26, 458 N.W.2d 466 (1990). Under collateral estoppel, when an issue of ultimate fact has been determined by a final judgment, that issue cannot again be litigated between the same parties in a future lawsuit. *State v. Gerdes*, 233 Neb. 528, 446 N.W.2d 224 (1989). See *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). Both of the claims asserted by plaintiffs were based upon an alleged breach of the lease by defendant. The trial court dismissed the first cause of action upon finding that plaintiffs failed to prove that defendant had breached the lease.

Olson argues that under the doctrines of res judicata and collateral estoppel, this finding in effect barred the second cause of action because such action was also based upon a breach of contract. However, the trial court's order on the first claim specifically stated that there was still a dispute as to the accounting of the gravel. The court was in effect ruling that although the existing evidence shows no breach, whether there is a breach with regard to the accounting of removed gravel is an issue the court will not decide until after trial on the second claim. In other words, the order resolved in Olson's favor all the issues regarding a breach by Olson, except that the trial court did not fully determine the issue of accounting, but, rather, reserved ruling thereon until after trial. This interpretation of the trial court's order is supported by the fact that the order required defendant to file within 20 days an answer on the

second cause of action. We find that the trial court's order on the first claim was not a final judgment on the issue concerning the accounting of gravel. Therefore, the doctrines of res judicata and collateral estoppel are not applicable and do not bar appellees' second claim.

The verdict and judgment in this case are neither unsupported by the evidence nor contrary to the law. All assignments of error are without merit, and accordingly, the decision of the district court is affirmed.

AFFIRMED.

SHANAHAN, J., not participating.